[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 04-14434
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-03370-CV-GET-1

MARY DIANE TATT,

                                        Plaintiff-Appellant,

        versus

ATLANTA GAS LIGHT COMPANY,

                                        Defendant-Appellee.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

-----------------------------------------------------------------

(May 11, 2005)

Before EDMONDSON, Chief Judge, CARNES and MARCUS Circuit
Judges.

PER CURIAM:

Mary Diane Tatt appeals the district court's grant of summary judgment in favor of her former employer, Atlanta Gas Light Co. ("AGLC"), in her retaliation action brought under Title VII, 42 U.S.C. § 2000e et seq. Tatt argues that the district court erred by concluding that she had not established a prima facie case of retaliation. No reversible error has been shown; we affirm.

Tatt worked as an office assistant for AGLC from 1993 until 18 January 2002, when AGLC terminated her employment. In October 1999, Tatt began working in a department where her immediate supervisor was Jim Donaldson. In October 2001, Tatt received an adverse performance evaluation; she did not receive a pay increase after this evaluation. Tatt then requested a meeting with members of management, including Donaldson. At the 7 November 2001 meeting, Tatt was told that her adverse evaluation rendered her ineligible for a raise. Tatt indicated that she wished to file a sexual-harassment complaint against Donaldson. She alleged that approximately once per week, when she presented Donaldson with paperwork to sign, "he would pretend to unzip his pants . . . and urinate all over the paperwork." And she alleged that nearly every day, while

2

others were present, Donaldson would yell across the office to her, "Diane, . . . [w]hy don't you take off early and go on down to the American Legion and pull on some long necks."

AGLC asserted that she was terminated because she failed to satisfy the requirements of a performance improvement plan. But Tatt claimed that the real reason for her termination was because she complained to AGLC management that Donaldson had sexually harassed her.

We review a district court's grant of summary judgment de novo; and we view the evidence in the light most favorable to the party opposing the motion. Kelley v. Hicks, 400 F.3d 1282, 1284 (11th Cir. 2005). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

To establish a prima facie case of retaliation under Title VII, Tatt must show (1) that she engaged in statutorily protected expression, (2) that she suffered an adverse employment action, and (3) that a causal relationship exists between the two events. Cooper v. Southern Co., 390 F.3d 695, 740 (11th Cir. 2004). And to demonstrate that her complaint of sexual harassment constituted "statutorily protected expression," Tatt need not prove the merits of her underlying complaint of sexual harassment. But she must demonstrate "a good

faith, reasonable belief that [AGLC] was engaged in unlawful employment practices." Little v. United Techs., Carrier Transicold Div., 103 F.3d 956, 960 (11th Cir. 1997). In other words, Tatt must prove both (1) a subjective, good-faith belief that AGLC engaged in an unlawful employment practice and (2) that her belief was objectively reasonable. See id. We measure "against existing substantive law" the objective reasonableness of Tatt's belief that AGLC engaged in an unlawful employment practice. Clover v. Total Sys. Servs., Inc., 176 F.3d 1346, 1351 (11th Cir. 1999).

For an employer's conduct to constitute actionable sexual harassment, it must be "so objectively offensive as to alter the 'conditions' of the victim's employment." Oncale v. Sundowner Offshore Servs., Inc., 118 S.Ct. 998, 1003 (1998). Tatt must show, among other things, "that the harassment occurred because of her sex" and "that the conduct in question [was] severe or pervasive enough that a reasonable person would find it hostile or abusive." Clover, 176 F.3d at 1351. To determine whether the conduct is sufficiently severe or pervasive, we consider "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." Mendoza v. Borden, Inc., 195 F.3d 1238,

4

1246 (11th Cir. 1999) (en banc).  And although the alleged conduct need not actually be sexual harassment to support a retaliation claim, the conduct "must be close enough to support an objectively reasonable belief that it is."  Clover, 176 F.3d at 1351.[1]

Tatt has not established a good-faith and an objectively reasonable belief that Donaldson's conduct constituted sexual harassment under the law of this Circuit.  Therefor, she has failed to show that, by complaining of Donaldson's conduct, she engaged in the sort of "statutorily protected expression" that Title VII protects.

First, Tatt stated that she understood Donaldson's comments -- that Tatt "go on down to the American Legion and pull on some long necks" -- as referring to bottles of beer.  She has not shown that she believed these comments were sexual in nature.[2]  She thus has demonstrated neither a subjective, good-faith belief, nor an objectively reasonable belief, that these comments constituted actionable sexual harassment.  See Gupta v. Fla. Bd. of Regents, 212 F.3d 571,

---

[1] We reject Tatt's argument that the district court applied an incorrect and too-strict legal standard in concluding that she failed to demonstrate an objectively reasonable belief that Donaldson's behavior constituted sexual harassment.  The record shows that the district court and the magistrate judge cited to and applied properly the correct substantive legal principles in granting summary judgment.

[2] Tatt stated that, in response to Donaldson's "long neck" comments, she said, "Don't even say that because . . . I don't even drink, Jim."

583 (11th Cir. 2000) (writing that acts complained of "must be of a sexual or gender-related nature . . . before they are considered in determining whether the severe or pervasive requirement is met").

On the feigned urination incidents, Tatt has not demonstrated an objectively reasonable belief that she was targeted because of her sex. Donaldson's acts were not sexual in nature: they do not become sexual in nature merely because they relate to a bodily function. See Henson v. City of Dundee, 682 F.2d 897, 904 (11th Cir. 1982) ("plaintiff must show that but for the fact of her sex, she would not have been the object of harassment"). At most, Tatt has pointed to behavior that is crude and inappropriate.

And even were we to assume that Donaldson's conduct was sexual in nature, his acts were not close to being the kind of severe or pervasive conduct that constitutes actionable sexual harassment. Donaldson's feigned urination -- which Tatt claims occurred once per week for two years -- may have been frequent. But frequency is only one element that we consider. See Mendoza, 195 F.3d at 1246. Tatt does not argue that she viewed Donaldson's conduct as "physically threatening or humiliating", or that his conduct "unreasonably interfere[d] with [her] job performance." Id. And, any belief on her part that she perceived the conduct as "severe" is undermined by the fact that she failed to

report it until she received the adverse performance evaluation. In the light of this Circuit's sexual harassment case law, Donaldson's acts were not "close enough" to actionable sexual harassment to support an objectively reasonable belief that Tatt's sexual harassment complaint constituted statutorily-protected expression. See, e.g., Gupta, 212 F.3d at 584-86 (employer's conduct not sufficiently severe or pervasive when conduct included telling plaintiff she was beautiful, calling her at home and asking her if she was in bed, staring at her, repeatedly asking her to lunch, touching her jewelry, touching her on the knee, unbuttoning his pants and tucking in his shirt in her presence, and touching the hem of her dress); Mendoza, 195 F.3d at 1247-48 (same conclusion where employer told plaintiff, "I'm getting fired up," rubbed his hip against hers while touching her shoulder and smiling at her, made sniffing noises while staring at her groin, and followed her constantly and stared at her).

In sum, the district court properly granted summary judgment in favor of AGLC: Tatt did not engage in statutorily protected expression, a necessary element in proving a prima facie case of Title VII retaliation.[3]

**AFFIRMED.**

---

[3] We need not address Tatt's argument that she established a causal connection between her sexual harassment complaint and the adverse employment act.

7